**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL LEE,

    Plaintiff,

v.

UAW RETIREE MEDICAL
BENEFITS TRUST,

    Defendant.

Case No. 2:20-cv-13060

Judge Arthur Tarnow

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant UAW Retiree Medical Benefits Trust (the "UAW RMBT" or "Defendant") answers Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 1 of the Complaint and therefore leaves Plaintiff to his proofs.

2. UAW RMBT admits the allegations contained within paragraph 2 of the Complaint.

3. UAW RMBT admits only that the Complaint alleges acts and omissions that are supposed to have taken place at the UAW RMBT facilities in Detroit, Michigan. UAW RMBT denies the remaining allegations contained within

paragraph 3 of the Complaint and specifically denies that it is liable to Plaintiff for any reason, or as a result of any acts or omissions alleged in the Complaint.

4. UAW RMBT admits the allegations contained within paragraph 3 of the Complaint.

5. UAW RMBT admits the allegations contained within paragraph 5 of the Complaint.

6. UAW RMBT admits only that venue in this matter is proper in the Eastern District of Michigan under 28 U.S.C. §1391(b)(1) as it is the district in which UAW RMBT is situated, and under 28 U.S.C. §1391(b)(2), as it is the district in which a substantial part of the actionable events and omissions are alleged to have occurred. UAW RMBT denies the remaining allegations contained within paragraph 6 of the Complaint and specifically denies that it is liable to Plaintiff for any reason, or as a result of any acts or omissions alleged in the Complaint.

7. UAW RMBT admits only that Plaintiff received his right to sue notice from the EEOC and has filed his complaint within the statute of limitations for his claims in light of a tolling agreement executed by the parties that allows Plaintiff to file this complaint on or before November 20, 2020. UAW RMBT denies the remaining allegations contained within paragraph 7 of the Complaint, and specifically denies that all factual averments upon which

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Plaintiff bases his claim are within the applicable statute of limitations under Michigan law.

## GENERAL ALLEGATIONS

8. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 8 of the Complaint and therefore leaves Plaintiff to his proofs.

9. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 9 of the Complaint and therefore leaves Plaintiff to his proofs.

10. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 10 of the Complaint and therefore leaves Plaintiff to his proofs.

11. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 11 of the Complaint and therefore leaves Plaintiff to his proofs.

12. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 12 of the Complaint and therefore leaves Plaintiff to his proofs.

13. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 13 of the Complaint and therefore leaves Plaintiff to his proofs.

14. UAW RMBT admits the allegations contained within paragraph 14 of the Complaint.

15. UAW RMBT admits the allegations contained within paragraph 15 of the Complaint.

16. UAW RMBT admits the allegations contained within paragraph 16 of the Complaint.

17. UAW RMBT admits the allegations contained within paragraph 17 of the Complaint.

18. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 18 of the Complaint and therefore leaves Plaintiff to his proofs.

19. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 13 of the Complaint and therefore leaves Plaintiff to his proofs.

20. UAW RMBT admits only that in February, 2014 his title was Manager-Equities, that he was not promoted from that position at or around that time, and the then-UAW RMBT CIO said "Asians don't count" in the context of a

discussion unrelated to Plaintiff's employment or promotion prospects at the UAW RMBT (the discussion was related to the diversity profile of the Trust's consultant base). UAW RMBT denies the remaining allegations contained within paragraph 20 of the Complaint.

21. UAW RMBT denies the allegations contained within paragraph 21 of the Complaint.

22. UAW RMBT admits only that Plaintiff made allegations of retaliation to the UAW RMBT human resources department in approximately September 2014, and that Plaintiff was placed on a performance improvement plan because of clear and manifest issues with his performance at around that time. UAW RMBT denies the remaining allegations contained within paragraph 22 of the Complaint.

23. UAW RMBT admits the allegations contained within paragraph 23 of the Complaint.

24. UAW RMBT denies the allegations contained within paragraph 24 of the Complaint.

25. UAW RMBT admits the allegations contained within paragraph 25 of the Complaint.

26. UAW RMBT admits the allegations contained within paragraph 26 of the Complaint.

27. UAW RMBT admits only that Plaintiff received a right to sue letter on his first retaliation charge in December, 2016, and that the parties negotiated a settlement of those claims shortly thereafter. UAW RMBT denies the remaining allegations contained in paragraph 27 of the Complaint.

28. UAW RMBT admits only that on or about April 21, 2017 it entered into a severance agreement with Plaintiff that included a payment to Plaintiff, a change in title to "Director, Liquid Markets," and the resignation of Plaintiff's employment at UAW RMBT. UAW RMBT denies the remaining allegations contained within paragraph 28 of the Complaint.

29. UAW RMBT admits only that the Severance Agreement at issue included the following provisions (among others):

> **2. Change of Title:** Upon signature of this Agreement by Lee, he will be awarded the title of "Director, Liquid Markets" by UAW Trust, and the records in his personnel file will be updated to reflect this change in title. Lee will then immediately commence a vacation lasting two weeks, during which he will be compensated as he would during any other vacation period.
>
> **7. Nondisparagement of Lee by UAW Trust:** UAW Trust agrees that it will address communications by third parties regarding Lee as follows:
>
> (a) The UAW Trust will issue a job reference consisting only of dates of employment and last position provided that Lee directs all requests for job references to Karen Blair or her successor as Senior Manager of Human Resources. Lee understands that the UAW Trust cannot control the content of references given by current or

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

> former UAW Trust employees other than the Senior Manager of Human Resources, and the UAW Trust shall not be considered to be in breach of this Agreement should an employee respond to an inquiry that has been directed to any employee other than the Senior Manager of Human Resources.
>
> (b) The UAW Trust will instruct Francine Parker, Linda Denomme, Mary Beth Kuderik, Daniel Sherrick, Robert Naftaly, Adam Blumenthal, Hershel Harper, Benjamin Cotton, Karen Blair, Garon Meikle, Linda Crisi, and Donna Wesley not to disparage Lee to any third party, or to respond to any inquiries that may be made regarding Lee's employment history with UAW Trust (with the exception of Karen Blair or her successor, who can responding in accordance with paragraph 7(a)). The UAW Trust will further instruct the individuals named in this subparagraph to direct all reference inquiries they receive regarding Lee to Karen Blair or her successor.
>
> **10. Tax Reporting:** UAW Trust agrees that it will properly report payments to Lee made a result of this transaction in any filings with the federal government, including Form 990 filings.
>
> **11. Final Review at UAW Trust**: UAW Trust agrees that it will not place any annual or semi-annual reviews in Lee's personnel record past his 2015 evaluation, in which Lee was rated as "above expectations."

UAW RMBT denies the remaining allegations contained within paragraph 29 of the Complaint.

30. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 30 of the Complaint and therefore leaves Plaintiff to his proofs.

31. UAW RMBT admits only that Plaintiff signed the Severance Agreement on or about April 21, 2017. UAW RMBT is without information sufficient to admit or deny the remaining allegations contained within paragraph 31 of the Complaint and therefore leaves Plaintiff to his proofs.

32. UAW RMBT admits only that it sent Plaintiff an IPQ related to its Form 990 in March, 2018, which is used to gather information from individuals related to the content of its Form 990, and that individuals with information that will be disclosed on the Form 990 are required to review and sign the IPQ to verify the accuracy of the information in it. UAW RMBT is without information sufficient to admit or deny the remaining allegations contained within paragraph 32 of the Complaint and therefore leaves Plaintiff to his proofs.

33. UAW RMBT admits the allegations contained within paragraph 33 of the Complaint.

34. UAW RMBT admits only that the IPQ sent to Plaintiff in March 2018 listed his position as "former Manager, Liquid Markets." UAW RMBT denies the remaining allegations contained within paragraph 34 of the Complaint.

35. UAW RMBT admits only that Plaintiff informed it of the error in the March, 2018 IPQ. UAW RMBT denies the remaining allegations contained within paragraph 35 of the Complaint.

36. UAW RMBT admits only that the General Counsel of the UAW RMBT responded to Plaintiff's email by admitting the incorrect title was listed. UAW RMBT denies the remaining allegations contained within paragraph 36 of the Complaint.

37. UAW RMBT admits only that Plaintiff submitted a signed IPQ with the proper title listed. UAW is without information sufficient to admit or deny the remaining allegations contained within paragraph 37 of the Complaint and therefore leaves Plaintiff to his proofs.

38. UAW RMBT admits only that on the 2017 Form 990 Plaintiff was identified as "Danny Lee, Manager, Liquid Assets." UAW denies the remaining allegations contained within paragraph 38 of the Complaint.

39. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 39 of the Complaint and therefore leaves Plaintiff to his proofs.

40. UAW RMBT admits only that when it was informed by Plaintiff of the alleged error in the Form 990 it immediately agreed to file an amended Form 990. UAW RMBT denies the remaining allegations contained within paragraph 40 of the Complaint.

41. UAW RMBT admits the allegations contained within paragraph 41 of the Complaint.

42. UAW RMBT denies the allegations contained within paragraph 42 of the Complaint.

43. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 43 of the Complaint and therefore leaves Plaintiff to his proofs.

### COUNT I: TITLE VII, 42 U.S.C. §2000e-3 RETALIATION

44. UAW RMBT restates its responses to all previously stated allegations.

45. UAW RMBT admits the allegations contained within paragraph 45 of the Complaint.

46. UAW RMBT admits the allegations contained within paragraph 46 of the Complaint.

47. UAW RMBT denies the allegations contained within paragraph 47 of the Complaint.

48. UAW RMBT denies the allegations contained within paragraph 48 of the Complaint.

49. UAW RMBT admits the allegations contained within paragraph 49 of the Complaint.

50. UAW RMBT denies the allegations contained within paragraph 50 of the Complaint.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

51. UAW RMBT admits the allegations contained within paragraph 51 of the Complaint.

52. UAW RMBT denies the allegations contained within paragraph 52 of the Complaint.

**COUNT II: ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. §37.2701 RETALIATION**

53. UAW RMBT restates its responses to all previously stated allegations.

54. UAW RMBT admits the allegations contained within paragraph 54 of the Complaint.

55. UAW RMBT admits the allegations contained within paragraph 55 of the Complaint.

56. UAW RMBT denies the allegations contained within paragraph 56 of the Complaint.

57. UAW RMBT admits the allegations contained within paragraph 57 of the Complaint.

58. UAW RMBT denies the allegations contained within paragraph 58 of the Complaint.

59. UAW RMBT admits the allegations contained within paragraph 59 of the Complaint.

60. UAW RMBT denies the allegations contained within paragraph 60 of the Complaint.

## COUNT III: BREACH OF CONTRACT

61. UAW RMBT restates its responses to all previously stated allegations.

62. UAW RMBT admits the allegations contained within paragraph 62 of the Complaint.

63. UAW RMBT denies the allegations contained within paragraph 63 of the Complaint.

64. UAW RMBT denies the allegations contained within paragraph 64 of the Complaint.

## COUNT IV: DEFAMATION

65. UAW RMBT restates its responses to all previously stated allegations.

66. UAW RMBT denies the allegations contained within paragraph 66 of the Complaint.

67. UAW RMBT admits only that in the original, pre-amendment Form 990 for 2017 it identified Plaintiff as "Manager, Liquid Markets." UAW RMBT is without information sufficient to admit or deny the remaining allegations contained within paragraph 67 of the Complaint and therefore leaves Plaintiff to his proofs.

68. UAW RMBT is without information sufficient to admit or deny the allegations contained within paragraph 68 of the Complaint and therefore leaves Plaintiff to his proofs.

69. UAW RMBT admits the allegations contained within paragraph 69 of the Complaint.

70. UAW RMBT denies the allegations contained within paragraph 70 of the Complaint.

71. UAW RMBT denies the allegations contained within paragraph 71 of the Complaint.

## ADDITIONAL/AFFIRMATIVE DEFENSES

UAW RMBT asserts the following additional or affirmative defenses in this action:

**(a)** **Statutes of Limitation:**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**(b)** **Release and Waiver:**

Plaintiff's claims are barred, in whole or in part, by a release and waiver executed prior to the filing of this claim, the consideration for which has not been tendered back.

**(c)** **Truth:**

The alleged defamatory comments ascribed to UAW RMBT were true and, therefore, cannot be the basis for a defamation claim.

**(d)    Good Faith:**

UAW RMBT has taken steps in good faith to comply with its obligations under Title VII and is therefore not liable for punitive damages.

**(e)    Relief Not Recoverable:**

Plaintiff's complaint seeks damages in a type not recoverable under the facts alleged.

**(f)    Failure to Mitigate**

Plaintiff has failed to take appropriate steps to mitigate the damage he alleges was caused by the UAW RMBT's conduct.

**(g)    Causation:**

Damage to Plaintiff's business opportunities were not caused by the actions alleged in the Complaint.

**(h)    Reservation of Right:**

UAW RMBT reserves the right to assert such additional affirmative defenses as may become apparent in the course of discovery, which is ongoing and incomplete.

Wherefore, Defendant UAW RMBT requests dismissal of this action with prejudice, and an Order requiring Plaintiff to reimburse it for the costs and attorneys' fees incurred in the defense of this matter.

Respectfully Submitted,

DYKEMA GOSSETT PLLC

By: *s/ James F. Hermon*
James F. Hermon (P53765)
Andrea M. Frailey (P82466)
Attorneys for Defendant UAW RMBT
Dykema Gossett PLLC
400 Renaissance Center
Detroit, Michigan 48243
Telephone: (313) 568-6800
JHermon@dykema.com
Dated: January 12, 2021        AFrailey@dykema.com

# CERTIFICATE OF SERVICE

I certify that on January 12, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties by operation of the Court's electronic filing system.

*/s/ James F. Hermon*
James F. Hermon (P53765)
Andrea M. Frailey (P82466)
*Attorneys for Defendant*

15